UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BARRY L. THOMAS, | ) | CASE NO. 5:14 CV 1417 |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| STEPHEN A. REISCH, et al., | ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

On June 27, 2014, Plaintiff *pro se* Barry L. Thomas, an inmate at the Belmont Correctional Institution (BeCI) in St. Clairsville, Ohio, filed this civil rights action against Stephen A. Reisch, John G. Haas, and BeCI Warden Michelle Miller.  The Complaint contains few coherent allegations, but appears to assert that Plaintiff was improperly convicted in the Ohio Court of Common Pleas.[1]  Plaintiff further complains that he is being subjected to adverse conditions of confinement at BeCI.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if

---

[1] Plaintiff was convicted of felonious assault in 2010.  *See, State v. Thomas*, No. 2010CA336, 2011 WL 3863311 (Stark Cty. App. Aug. 29, 2011).

the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 667-78 (2009). The pleading standard Fed. Civ. R. 8 announces does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Regarding Plaintiff's claim that his conviction is invalid, the U.S. Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Moreover, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Further, the conditions of his confinement of which Plaintiff complains occurred in St. Clairsville, Ohio, which is located in the Southern District of Ohio. Therefore, the Southern

District of Ohio is the only proper venue for this matter. 28 U.S.C. § 1391(b). An improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. 28 U.S.C. § 1406(a).

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish an objective component that a sufficiently serious deprivation has occurred. *Id.* at 2324. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 1000. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Complaint simply does not contain allegations reasonably suggesting Plaintiff might have a valid Eighth Amendment claim. It would therefore not be in the interest of justice to transfer this case to the Southern District of Ohio.

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: December 1, 2014          */s/ John R. Adams*
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE